JOHN STERLING DRAKE, Appellant, v. JAMES E. GAFFNEY
and Others, Respondents.

Second Department, June 21, 1918.

Real property — vendor and purchaser — suit for specific per-
    formance — failure of vendor to insure title as agreed bars specific
    performance — counterclaim — recovery of earnest money on
    inability of vendor to insure title.

Where a vendee, having an option to purchase lands within a specified
    time, insisted as a new condition that the vendor should insure the title
    with a specified title company and the vendor accepted said condition
    it became part of the contract.

Where the vendor at the day set for passing title did not furnish the
    insurance aforesaid he cannot maintain a suit for specific performance.

Moreover, where the vendee was willing to accept title under the option,
    except for the fact that the vendor was unable to insure the same as
    agreed, the vendee performed her part of the contract and when sued
    for specific performance is entitled to recover on a counterclaim for
    earnest money paid although it was to be retained by the vendor as
    liquidated damages if the vendee did not exercise the option to purchase,
    and she may also recover for moneys paid out on account of the title.

BLACKMAR, J., dissented in part.

APPEAL by the plaintiff, John Sterling Drake, from a judg-
ment of the Supreme Court in favor of the defendants,
entered in the office of the clerk of the county of Richmond
on the 22d day of January, 1917, dismissing the complaint
and granting defendant Grace Wire affirmative relief on her
counterclaim, upon the decision of the court after a trial at
the Richmond Special Term.

*Charles E. Hughes, Jr.* [*Allen S. Hubbard* with him on the
brief], for the appellant.

*Frederick T. Kelsey,* for the respondents.

JENKS, P. J.:

A proposed vendor sues the proposed vendee for specific
performance. The plaintiff gave an option to the defendant
Grace Wire for a consideration. When the option was put in
use, the defendant insisted upon the new condition that the
plaintiff's title should be insured without exceptions by a

specified title company. The proof justified the conclusion of the court that the plaintiff accepted this condition. Therefore, it became part of the contract. (See James Op. Cont. § 713, citing *Cleaves* v. *Walsh*, 125 Mich. 638.) The proof justified the findings that on the law day the plaintiff did not and could not furnish such insurance; that the refusal of the title company was neither fraudulent nor collusive, and that time was of the essence of the contract. We think that the conclusion of the court that the plaintiff should not be afforded the relief of specific performance should not be disturbed. (*Flanagan* v. *Fox*, 6 Misc. Rep. 132; affd., on opinion below, 144 N. Y. 706; *Allen* v. *McKeon*, 127 App. Div. 277.)

We think that the judgment upon the counterclaim should be affirmed. That judgment is for moneys paid by the defendant to the plaintiff under the option and paid out by the defendant on account of the title. The option provided that the defendant could purchase the premises within 30 days from the date of the agreement, and could have an additional option for 30 more days thereafter, provided that on or before the expiration of the first 30 days she paid the additional sum of $1,500, and " In case said option is not exercised and the purchaser fails to purchase said premises for the price hereinafter stated, all sums paid for said options shall be kept and retained by the Seller as liquidated damages * * *. If the option is exercised and the purchaser takes title to said premises the sum * * * shall be allowed as part payment on the purchase price." The court justifiably found that on the law day the defendant performed her part of the contract. The plaintiff cannot retain the moneys upon the theory that they are a part of the purchase price, and he cannot retain the moneys upon the theory of damages, for the purchaser did, so far as it was in her power, exercise the option, and did not by any shortcomings fail to purchase said premises. The court in effect found and concluded that the fault of non-performance was wholly in the plaintiff. To permit retention of the money by the plaintiff is to pay a premium upon his default, out of the moneys of the defendant. (See *Boyd* v. *De Lancey*, 17 App. Div. 573.) The defendant " exercised " the option, for " to exercise " is " to put in action " (Century Dictionary), and the defendant did not " fail to

purchase " in the sense that failure was attributable to her. The moneys expended upon the title are recoverable. ( *Northridge* v. *Moore,* 118 N. Y. 419, 422; 3 Joyce Dam. § 1730; Maupin Mark. Tit. Real Est. [2d ed.] § 93.)

The judgment is affirmed, with costs.

THOMAS, MILLS. and PUTNAM, JJ., concurred; BLACKMAR, J., dissented as to the counterclaim.

Judgment affirmed, with costs.