■ KENNETH E. HAMBURGER et al., Respondents, v ROBERT D. RIESELMAN et al., Appellants. [615 NYS2d 143] —Peters, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Patsalos, J.), entered November 19, 1992 in Orange County, which, inter alia, partially granted plaintiffs' motion for summary judgment and made a declaration in favor of plaintiffs.

Defendants were owners of a house and lot in the Town of Warwick, Orange County. In 1991 they agreed to exchange a 0.133-acre parcel with a certain neighbor in return for a 1.373-acre parcel. In February 1992, before the exchange took place, defendants accepted a purchase offer from plaintiffs for their property, which included the parcel they were to receive from their neighbor, for a purchase price of $170,000. The contract was fully executed on May 22, 1992 with a closing date set for June 10, 1992. In connection therewith, defendants agreed to provide a new metes and bounds description. Plaintiffs gave a down payment upon execution of the contract.

Pursuant to the terms of the contract, plaintiffs were to obtain a mortgage commitment by June 1, 1992, which was obtained and was valid through June 22, 1992 and was later extended to June 23, 1992. Plaintiffs placed an order for title insurance and the work was completed by June 2, 1992 except

for the receipt of the new metes and bounds description. On June 1, 1992, defendants ordered a new metes and bounds description of the parcels and faxed such description to plaintiffs' attorney on June 12, 1992. On June 16, 1992, the title insurance commitment was issued.

Plaintiffs contend that they attempted to schedule a closing on June 22, 1992 and again on June 23, 1992, but that defendants were unable to do so. On June 24, 1992, plaintiffs' title company issued an amendment to its commitment and sent copies to all parties. On July 8, 1992, the exchange of the two parcels between defendants and their neighbor was completed. On July 16, 1992, correspondence was received from plaintiffs' attorney requesting that a revised survey be sent to the buyers' lending institution. Plaintiffs thereafter retained a new attorney who sent a letter dated July 31, 1992 to defendants' attorney informing him that plaintiffs elected to cancel the contract for the failure of defendants to effect a closing. Defendants' attorney responded with a letter dated August 10, 1992 stating that defendants were now ready and able to close and demanded that plaintiffs consummate the contract. Defendants' attorney noted therein that the contract did not make "time of the essence" and that no demand to close was ever made prior to July 31, 1992. Accordingly, he advised plaintiffs' attorney to have his clients schedule a closing as soon as possible. No response was received. By letter dated September 16, 1992, defendants' attorney again informed plaintiffs' attorney that if a closing was not scheduled within 10 days, he would commence suit.

Instead of closing on the subject parcel or further communicating with defendants' attorney, plaintiffs commenced this action seeking a declaratory judgment that defendants breached the contract, thereby entitling them to the return of their down payment. Construing this as a motion for summary judgment, defendants cross-moved seeking the retention of the down payment or, in the alternative, for an order for specific performance. Supreme Court found that defendants were unable or unwilling to effectuate a closing on June 22 or June 23, 1992 after due demand and that plaintiffs gave defendants a reasonable time thereafter to close before sending a notice of termination. Accordingly, it granted plaintiffs' motion to the extent of declaring the contract to be breached and directed the return of the down payment. Defendants appeal.

In a contract for the sale of real property, the rule in New York is well settled.

"Time is not assumed to be of the essence * * * unless the

parties have specifically so stated. Accordingly, one party to a contract may not unilaterally make time of the essence without reasonable and sufficient notice to the other party" (6 Warren's Weed, New York Real Property, Vendee & Vendor, § 2.04 [b] [v] [4th ed]; *see also, Mohen v Mooney,* 162 AD2d 664; 91 NY Jur 2d, Real Property Sales & Exchanges, §§ 61-64, at 136-153). It is undisputed that in the contract before us there was no provision making time of the essence. In order for defendants to be found in default, plaintiffs must be able to indicate an earlier notice to defendants wherein they specified that time was of the essence. To constitute such notice, it must be " 'clear, distinct and unequivocal and must fix a reasonable time within which to perform' " *(Mohen v Mooney, supra,* at 665, quoting *76 N. Assocs. v Theil Mgt. Corp.,* 114 AD2d 948, 949). Such notice must also " ' "inform the other party that if he does not perform by that date, he will be considered in default" ' " *(Mohen v Mooney, supra,* at 665, quoting *Tarlo v Robinson,* 118 AD2d 561, 566, quoting *Royce v Rymkevitch,* 29 AD2d 1029, 1030). Our review of the record reveals that plaintiffs gave no such notice to defendants.

Plaintiffs simply allege that they were ready to close on the contract date and that they thereafter attempted to set a closing date prior to the expiration of their mortgage commitment. When the proposed date was not acceptable to defendants, plaintiffs failed to attempt to set a new closing date. We find that this conduct created an indefinite adjournment. " 'When there is an indefinite adjournment, some affirmative act has to be taken by one party before he can claim the other party is in default; that is, one party has to fix a time by which the other must perform, and he must inform the other that if he does not perform by that date, he will be considered in default' " *(Tarlo v Robinson, supra,* at 566, quoting *Royce v Rymkevitch, supra,* at 1030). We find that the July 31, 1992 letter indicating plaintiffs' intent to cancel for the failure to effect a closing did not provide the requisite notice.

Plaintiffs further contend that defendants defaulted by their inability to convey proper title as of the closing date set forth in the contract and that such default excused their performance thereunder and the making of an obviously futile tender and demand, giving them the right to recover the down payment and the reasonable costs incurred *(see, Iannelli Bros. v Muscarella,* 30 AD2d 698, *affd* 24 NY2d 779). Such argument is unsupported by the record since plaintiffs gave no notice of a defect in title *(cf., Grace v Nappa,* 46 NY2d 560) and were aware that the exchanged property was in the

process of being deeded to defendants. Such exchange was ultimately accomplished by July 8, 1992 and referenced in the further communication by plaintiffs' attorney on July 16, 1992 requesting that a revised survey be sent to their lending institution.

Accordingly, we find that plaintiffs did not give the necessary notice that time was of the essence and that their July 31, 1992 notice of cancellation was a breach of contract *(see, Levine v Sarbello,* 112 AD2d 197, *affd* 67 NY2d 780). Due to such breach, plaintiffs are not entitled to a return of their down payment *(see, Maxton Bldrs. v Lo Galbo,* 68 NY2d 373).

As to all other contentions raised, we find them to be without merit.

Cardona, P. J., Crew III, Casey and Weiss, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as partially granted plaintiffs' motion for summary judgment and denied defendants' cross motion for summary judgment; cross motion granted to the extent of declaring defendants' right to retain plaintiffs' down payment; and, as so modified, affirmed.