■ JOSEPH M. DOWLING et al., as Conservators of NORMA S. MUNRO, Appellants, v PIERRE GOHILL AMERICA CORPORATION, Respondent. (And a Third-Party Action.) [617 NYS2d 992] — White, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Hillery, J.), entered September 30, 1992 in Dutchess County, which, *inter alia,* granted defendant's cross motion for summary judgment on its counterclaim.

The dispositive issue on this appeal is whether Supreme Court erred in holding that defendant satisfied the terms of a mortgage contingency clause in the contract to purchase the real property of Norma S. Munro* and thereby was entitled to return of the down payment. We reject plaintiffs' contentions that applications made individually by the sole shareholder, officer and director of the corporation, as well as the application by the corporation itself made before the contract date, were not in compliance. Nor do we find merit in the argument

---

* After this appeal had been perfected, Joseph M. Dowling, William A. Tyrell and I. Kathleen Hagen were duly appointed conservators of Norma S. Munro by Barbara J. Ackerman, Judge of Connecticut Court of Probate for the District of Sherman on December 23, 1993.

that both the commencement of mortgage applications and giving notice of termination of the contract were untimely. We therefore find the order should be affirmed.

Initially, we note that the contract did not provide time to be of the essence. Although closing was to occur 120 days after execution of the contract, neither the mortgage contingency clause nor the provisions for filing the transfer gains tax form and payment of the tax contained time limitations. It is well settled that in contracts for the sale of real property, the rule in New York is that time is not presumed to be of the essence unless specifically so stated (Hamburger v Rieselman, 206 AD2d 822, 823-284; see, 6 Warren's Weed, New York Real Property, Vendee & Vendor, § 2.04 [b] [v] [4th ed]; cf., Cooper-Rutter Assocs. v Anchor Natl. Life Ins. Co., 193 AD2d 944 [sale of cable television system]). Absent such provision, in order to find a defendant in default, a plaintiff must demonstrate that clear, distinct and unequivocal notice to perform within a reasonable time had been given (see, Mohen v Mooney, 162 AD2d 664, 665; Hamburger v Rieselman, supra). Accordingly, plaintiffs' arguments that defendant's delays should be held to be a waiver or forfeiture of its termination privilege are meritless (see, Tendler v Lazar, 141 AD2d 717, 719-720).

Equally unpersuasive are plaintiffs' contentions that since Noriyoshi Ishigooka made several mortgage applications individually, the corporate purchaser failed to demonstrate that it made good faith efforts to obtain the requisite mortgage loan. It being undisputed that Ishigooka was the owner of and sole person in control of the foreign corporation, his willingness to pledge his personal assets for the loan can only be found to enhance the good faith of the application efforts toward which several thousands of dollars of corporate funds were expended. Moreover, as stated before, applications for mortgages were in fact made to two banks by the corporation.

Cardona, P. J., Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.