■ Joseph G. Rampe, as County Executive for the County of Orange, et al., Appellants, v Rudolph W. Giuliani, as Mayor of the City of New York, et al., Respondents, et al., Defendants. [722 NYS2d 564] —In an action, *inter alia*, to abate a public nuisance, the plaintiffs appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated December 23, 1999, which granted the motion of the defendants Rudolph W. Giuliani, the Mayor of the City of New York, the City of New York, Joan Malin, Commissioner of the New York City Department of Homeless Services, the New York City Department of Homeless Services, John Boyle, the Director of Camp LaGuardia, Albert Jones, Commanding Officer of the New York City Department of Homeless Services, and Marva Livingston-Hammons, Administrator and Commissioner of the New York City Human Resources Administration, Adult Services Administration, Special Services for Adults, to declare invalid paragraph 8 of the parties' stipulation of settlement, which was "so-ordered" on July 27, 1999, and to dismiss so much of the complaint as sought relief pursuant to paragraph 8 of the stipulation of settlement.

Ordered that the order is affirmed, with costs.

The plaintiffs alleged that the respondents' operation of a homeless shelter in Orange County constituted a nuisance. The parties entered into a stipulation of settlement which was "so-ordered" on July 27, 1999. The stipulation of settlement resolved all of the issues in the case, except as provided in paragraph 8, which states: "The transition of any person residing at Camp LaGuardia, or any other person within the Homeless Services system, by New York City to temporary or permanent housing, *shall be to temporary or permanent housing not located within Orange County*. This paragraph 8 shall have no force or effect upon the *status quo* until and if the final decision of this Court, subject to any appeals by an aggrieved party, determines that this paragraph, so restricting the transition of homeless persons to temporary or permanent housing not located in Orange County, is not permitted under New York law" (emphasis added).

The Supreme Court properly granted the respondents' motion to declare paragraph 8 invalid on the ground that it violates State law. Paragraph 8 limits the respondents' ability to utilize all available resources in effectuating their legal obligation towards their homeless shelter residents in assisting them in finding appropriate permanent housing by removing Orange County from consideration as a resource. This is inconsistent with State law and regulations (*see, Matter of Halpin v*

*Perales,* 194 AD2d 671, 672; Social Services Law § 20 [3] [d]; § 34 [3] [f]; 18 NYCRR 352.35 [c]; 491.8 [e]). Bracken, P. J., Ritter, Goldstein and Feuerstein, JJ., concur.