■ Brad H. et al., Respondents-Appellants, v City of New York et al., Appellants-Respondents. Brad H. et al., Respondents, v City of New York et al., Appellants. [779 NYS2d 28]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered November 20, 2003, which modified a stipulation of settlement to allow defendants to extend the time within which to reactivate Medicaid benefits for the class members, and provided for emergency temporary benefits where needed, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 13, 2003, which denied an earlier show cause order for modification of the stipulation, unanimously dismissed, without costs.

Medicaid eligibility depends upon verification of the application (*see* Social Services Law § 366-a [2] [a]; [3] [a]; *Hope v Perales*, 83 NY2d 563, 572-573 [1994]), and modification of the stipulation to give defendants more time within which to verify information and complete the reactivation process was necessary to comply with state law (*see Rampe v Giuliani*, 281 AD2d 609 [2001], *lv denied* 96 NY2d 716 [2001]). Plaintiffs' contention that the court had no basis for finding the normal course of investigation takes seven days is belied by the record, which includes an affidavit detailing the reactivation steps and demonstrating why defendants required that much time to complete the process.

The stipulation of settlement needed further modification, pursuant to Social Services Law § 133, to require the grant of temporary Medicaid benefits pending the completion of an

investigation for class members in immediate need. The language of the statute is clear, providing for temporary assistance or care pending any investigation relating to benefit eligibility. By definition, temporary assistance or care includes "medical assistance for needy persons" (Social Services Law § 2 [18]; § 363). Contrary to defendants' contention, section 133 is applicable to Medicaid benefits (*see e.g. Henrietta D. v Giuliani,* 119 F Supp 2d 181, 215 [ED NY 2000], *appeal dismissed* 246 F3d 176 [2001]).

We have considered defendants' remaining contentions and find them to be without merit. Concur—Saxe, J.P., Sullivan, Williams, Friedman and Marlow, JJ.