■ CITY OF NEW YORK, Appellant, v ANTONIA C. NOVELLO, as Commissioner of the New York State Department of Health, et al., Respondents. [858 NYS2d 154]—

Order, Supreme Court, New York County (Eileen A. Racer, J.), entered December 11, 2006, which, insofar as appealed from, in an action involving petitioner City of New York's obligation to provide discharge planning for the class consisting of city inmates receiving treatment for mental illness while incarcerated (the class), denied the petition brought pursuant to CPLR article 78 seeking, *inter alia*, an order directing respondents-respondents to provide the City with the authority to provide "temporary Medicaid benefits" to members of the class in immediate need, unanimously reversed, on the law, without costs, to the extent of granting the petition as to all members of the class not affected by Social Services Law § 366 (1-a), and the appeal otherwise dismissed as moot.

In 1999, a group of individuals, later certified as the *Brad H.* class (*see Brad H. v City of New York*, 185 Misc 2d 420 [2000], *affd for reasons stated* 276 AD2d 440 [2000]), commenced an action against the City for failure to provide adequate discharge planning to inmates who received mental health treatment while incarcerated. Following a stipulation of settlement entered into by the parties, this Court, in affirming a modification of the stipulation, held that the "stipulation of settlement needed further modification, pursuant to Social Services Law § 133, to

require the grant of temporary Medicaid benefits pending the completion of an investigation for class members in immediate need" (*Brad H. v City of New York*, 8 AD3d 142, 142-143 [2004], *lv denied* 4 NY3d 702 [2004]). It was determined that Social Services Law § 133 applied to Medicaid benefits and that "[t]he language of the statute is clear, providing for temporary assistance or care pending any investigation relating to benefit eligibility" (*id.* at 143).

The City, in an effort to comply with its obligations, forwarded a proposed local rule to respondents Department of Health (DOH) and Office of Temporary and Disability Assistance that would authorize the City to grant temporary Medicaid benefits pending the completion of an eligibility investigation for class members in immediate need. The proposed local rule was rejected and the City commenced this proceeding.

This appeal is partially moot due to the recently enacted amendment to Social Services Law § 366, effective April 1, 2008, which provides that "a person who is an inmate of a state or local correctional facility . . . [who] was in receipt of medical assistance . . . immediately prior to being admitted to such facility, such person shall remain eligible for medical assistance while an inmate . . . . Upon release from such facility, such person shall continue to be eligible for receipt of medical assistance" (Social Services Law § 366 [1-a]). Thus, an inmate eligible for Medicaid prior to incarceration becomes eligible upon release without having to submit to a new application process. Accordingly, the appeal, as it relates to inmates who had active Medicaid prior to their incarceration, is moot.

However, there is a live controversy with respect to the remaining class members, and we conclude that respondents' rejection of the City's attempt to comply with the modified stipulation of settlement was arbitrary and capricious and contrary to law (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231-232 [1974]). This Court's decision interpreting Social Services Law § 133 is controlling, and since the City required DOH's approval for it to provide temporary Medicaid benefits that were found to be authorized pursuant to Social Services Law § 133, DOH should have accepted the proposed rule, or otherwise provided petitioner with the authority to provide temporary Medicaid benefits to class members in immediate need.

We have considered respondents' remaining arguments, including that the City's proposed local rule is unnecessary, and find them unavailing. Concur—Lippman, P.J., Andrias, Nardelli, Acosta and DeGrasse, JJ.