*521 Supreme Court correctly found that the federal statute and implementing regulation governing hearings and decisions about Medicaid claims create a right to a final administrative determination within 90 days after a request for a hearing is made. 42 USC § 1396a (a) (3) mandates that a state plan for medical assistance “provide for granting an opportunity for a fair hearing before the State agency to any individual whose claim for medical assistance under the plan is denied or is not acted upon with reasonable promptness.” This statute creates a right to a fair hearing that can be enforced through a private action under 42 USC § 1983 (see Shakhnes v Berlin, 689 F3d 244, 254 [2d Cir 2012]). 42 CFR 431.244 (f) (1) (ii) provides that the agency “must take final administration action . . . [o]rdinarily, within 90 days from” the date of the request for the hearing (see also 18 NYCRR 358-6.4 [a]). The 90-day deadline set forth in the regulation defines the scope of the section 1983 cause of action to enforce 42 USC § 1396a (a) (3) by “flesh[ing] out” the content of the right to a hearing (see Shakhnes, 689 F3d at 254). Similarly defining the scope of the right to a hearing, the Centers for Medicare and Medicaid Services, State Medicaid Manual (SMM), promulgated by the Federal Department of Health and Human Services, interprets the regulation to mean that the 90-day time limit must be adhered to “except where the agency grants a delay at the appellant’s request, or when required medical evidence necessary for the hearing can not be obtained within 90 days” (SSM § 2902.10). This interpretation by the agency of its own regulation warrants significant deference (see Fishman v Daines, 743 F Supp 2d 127, 143-144 [ED NY 2010]).
*522 While, as petitioner concedes, nothing in the federal statute or regulations prohibits an administrative law judge (ALJ) from remanding a Medicaid application to the local social services district following the hearing, the ALJ is still required to render a final determination within the 90-day period. Thus, as Supreme Court observed, any remand should specify the time in which the agency must act and report back so that the ALJ can render a final determination within that 90-day period.
Supreme Court correctly found that pursuant to the Social Services Law applicants for personal care services under Medicaid who are in immediate need are entitled to temporary personal care services while their applications are pending. Social Services Law § 133, “Temporary preinvestigation emergency needs assistance or care,” provides that “[u]pon application for public assistance or care . . . , the local social services district shall notify the applicant in writing of the availability of a monetary grant adequate to meet emergency needs assistance or care and shall, at such time, determine whether such person is in immediate need. If it shall appear that a person is in immediate need, emergency needs assistance or care shall be granted pending completion of an investigation.” This statute is applicable to Medicaid benefits (see Brad H. v City of New York, 8 AD3d 142 [2004], lv denied 4 NY3d 702 [2004]). In New York State, Medicaid benefits include personal care services (see Social Services Law § 365-a [2] [e]; 18 NYCRR 505.14 [a] [1] [defining personal care services]).
The court also correctly found that the Department of Social Services’ procedures for the provision of these services are inadequate to meet the requirements of Social Services Law § 133 to provide temporary personal care services for those in immediate need of those services and to notify applicants of the availability of those services. 18 NYCRR 505.14, which sets forth procedures for the provision of personal care services, recognizes that an applicant may need services “immediately to protect his or her health or safety” (§ 505.14 [b] [5] [iv]). However, it does not provide procedures for submitting a request for immediate services to the local agency or a time frame in which the local agency must complete its expedited review of the application. Moreover, both federal and state regulations require Medicaid applicants to be notified of available services and the eligibility requirements for obtaining those services (see 42 CFR 435.905; 18 NYCRR 351.1 [b]). In particular, 18 NYCRR 351.1 (b) (1) (i) requires that the social services official provide applicants and recipients with “clear and detailed information concerning programs of public assistance, eligibility requirements therefor, *523 methods of investigation and benefits available under such programs.” Noncompliance with these mandates is actionable notwithstanding a subsequent grant of such services (Coleman v Daines, 19 NY3d 1087 [2012]).
The issue of costs and attorneys’ fees is not properly before us, since it is currently pending in a motion before Supreme Court (see Smith v Lynch, 50 AD3d 881, 883 [2008]).
We have considered the parties’ remaining arguments and find them unavailing. Concur — Gonzalez, P.J., Tom, Catterson and Richter, JJ.