■ SAMUEL B. ZEV, Appellant, v LOUIS MERMAN et al., Respondents.—In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Levitt, J.), dated October 16, 1986, which, upon the defendants' motion to dismiss the plaintiff's complaint for failure to establish a prima facie case, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff instituted the instant action seeking specific performance of a contract executed on September 24, 1984, concerning the sale of certain real property located in the City of Long Beach. The contract provided, *inter alia,* that the closing date of the sale was to be December 15, 1984. Notably, the contract did not contain a provision that time was to be of the essence and the contract was not contingent on the plaintiff's ability to obtain mortgage financing.

On January 8, 1985, 24 days after the proposed December 15, 1984 closing date, the plaintiff sent a letter to the defendants explaining that he was having difficulty obtaining mortgage financing and requesting that the closing be rescheduled to on or about February 1, 1985. By letter dated January 9, 1985, the defendants notified the plaintiff of a new closing date of January 17, 1985, and advised the plaintiff that his failure to close on that date would result in default. The two letters apparently crossed in the mail. When the defendants received the plaintiff's letter seeking a closing date of February 1, 1985, they again contacted the plaintiff by letter dated January 11, 1985, and informed him that the January 17, 1985 date would not be changed. The plaintiff never raised an objection to the new closing date. In fact, the plaintiff, after receipt of the defendants' letter, notified his prospective lender to expedite the mortgage approval process. The plaintiff, as well as his attorney, also sought to inspect the demised premises prior to and on January 17, 1985, to determine if the premises was in the condition to be delivered pursuant to the terms of the contract.

On January 17, 1985, the plaintiff's attorney appeared at the closing. Neither the plaintiff nor a title representative attended. At the trial, it was established that the plaintiff did not have the necessary funds to consummate the purchase. At that time, the plaintiff's attorney advised the defendants that he would not proceed with the closing because the demised premises were not vacant as required by the terms of the contract. The attorney also claimed that the defendants' unilateral scheduling of the closing date was "ridiculous".

Thereafter, the plaintiff contacted the defendants and demanded that a new closing date of January 31, 1985 be set. The defendants, however, notified the plaintiff that he was in breach of the contract by failing to close on January 17, 1985. Accordingly, the defendants did not appear on January 31, 1985.

The plaintiff subsequently commenced this action for specific performance of the contract. The defendants took the position that their letter dated January 9, 1985, which set the closing date of January 17, 1985, made time of the essence of the parties' contract. Since the plaintiff was not ready, willing and able to perform his obligations under the contract on that date, the defendants argued that the plaintiff was in breach of the contract and thus was not entitled to specific performance. At the close of the plaintiff's case, the trial court, upon the defendants' motion, dismissed the plaintiff's complaint on this basis. We affirm.

It is axiomatic that in order to be entitled to specific performance of a contract, a plaintiff must demonstrate that he was ready, willing and able to perform his obligations under the contract regardless of the defendant's anticipatory breach (see, *Huntington Min. Holdings v Cottontail Plaza,* 96 AD2d 526, *affd* 60 NY2d 997; *Stawski v Epstein,* 67 AD2d 681). It is clear that the plaintiff failed to establish that he was ready, willing and able to perform his obligations under the parties' contract on either the original law day of December 15, 1984, or the second law day of January 17, 1985. The testimony adduced at trial unequivocally established that the plaintiff did not have the necessary funds to consummate the sale on either date. Accordingly, the plaintiff is not entitled to specific performance of the contract.

On this point, we reject the plaintiff's contention that his failure to close on either law day date did not constitute a breach of the contract because the contract did not include a provision that time was of the essence. While the parties' contract admittedly did not contain such a provision, the defendants' subsequent letter fixing a law day of January 17, 1985, was adequate notice to the plaintiff that time was of the essence. It is well established that for time to be made the essence of a contract of sale, where time was not made of the essence in the original contract itself, there must be a clear, distinct, and unequivocal notice to that effect giving the other party a reasonable time in which to act (see, *Ballen v Potter,* 251 NY 224; *Mazzaferro v Kings Park Butcher Shop,* 121 AD2d 434; *76 N. Assocs. v Theil Mgt. Corp.,* 114 AD2d 948). Significantly, a party need not state specifically that time is of the essence, as long as the notice specifies a time on which to close and warns that failure to close on that date will result in default. Nor does it matter that the date is unilaterally set *(Tarlo v Robinson,* 118 AD2d 561). Here, the defendants gave notice, in the letter dated January 9, 1985, of a specific date

on which the closing would take place and warned that if the plaintiff failed to close he would be in default. Accordingly, the letter dated January 9, 1985, was sufficiently clear and unequivocal to properly give the plaintiff notice that time was of the essence.

Moreover, we reject the plaintiff's argument that the January 17, 1985 date was unreasonable. What constitutes a reasonable time depends on the facts and circumstances of the particular case *(Ballen v Potter, supra; Mazzaferro v Kings Park Butcher Shop, supra; 76 N. Assocs. v Theil Mgt. Corp., supra)*. Significantly, neither party's obligations under the contract of sale were contingent upon the plaintiff's ability to obtain mortgage financing. Accordingly, regardless of whether or not the plaintiff obtained mortgage financing, the defendants were entitled to require the plaintiff to perform on the law day, if they so chose. In this light, the plaintiff, an experienced dealer in real estate, should have timely sought an adjournment if his inability to obtain financing hampered his ability to perform. Notably, the plaintiff sought no adjournment until some 24 days after the originally scheduled closing date. Under these circumstances, the plaintiff ought to have been aware of the risk he undertook in waiting for such a long period of time before seeking an adjournment. Thus, the plaintiff's lack of diligence is inexcusable.

Assuming, arguendo, that the notice was unreasonable, the plaintiff waived his right to raise that issue. As noted by the trial court, all of the plaintiff's actions were consistent with complying with the defendants' demand. Not only did the plaintiff and his attorney examine the premises to determine if defendants could deliver it vacant on law day as required under the contract, but the plaintiff also sought to expedite the mortgage approval process by notifying his lender of his intent to comply with the defendants' demands. Moreover, since the plaintiff did not voice his objection prior to his attorney's arrival at the closing on January 17, 1985, as a matter of law, he acquiesced in the reasonableness of that date.

In light of the foregoing, the trial court did not err in dismissing the plaintiff's action for specific performance in view of the plaintiff's failure to demonstrate that he was ready, willing and able to perform his obligations under the contract. We note, however, that the plaintiff might seek to recover the $18,500 down payment he deposited with the defendants upon the execution of the contract since the defen--

dants were allegedly unable to deliver the premises in a vacant condition on the law day, as required by the contract.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.