■ SION SOHAYEGH, Appellant-Respondent, v HERMAN OBERLANDER, Respondent-Appellant.—In an action for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Lodato, J.), dated November 4, 1988, as conditioned the granting of his motion for summary judgment upon his consent to the appointment of an independent appraiser by the court, and performing the contract in accordance with the appraiser's findings as to the current fair market value of the subject real property, and the defendant cross-appeals, as limited by his notice of cross appeal and brief, from so much of the same order as granted the plaintiff's motion for summary judgment, and denied his cross application for summary judgment dismissing the complaint and on his counterclaim for a judgment declaring that the plaintiff defaulted on the contract, and that he is entitled to retain the plaintiff's down payment of $8,000.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment is denied, the defendant's cross application for summary judgment is granted, the complaint is dismissed, and it is declared that the plaintiff defaulted on the contract, and that the defendant is entitled to retain the plaintiff's down payment of $8,000.

The plaintiff instituted the instant action seeking specific performance of a contract executed on April 17, 1985, concerning the sale of certain real property located in Brooklyn, New York. The contract provided, *inter alia,* that the closing date of the sale was to be May 20, 1985. The contract did not contain a provision that time was to be of the essence and it

also did not state that its performance was contingent on the plaintiff's ability to obtain mortgage financing.

The plaintiff did not make arrangements to close on the May 20, 1985, closing date, nor did he request an adjournment of the closing. By letter dated May 22, 1985, the defendant's attorney informed the plaintiff's attorney that the defendant is granting "a final adjournment of closing until June 6, 1985", at the office of the defendant's attorney, and that in the event the plaintiff failed to close title on that day, the defendant would "have no alternative but to hold you in default". Prior to June 6, 1985, the closing date was adjourned to June 12, 1985. It is disputed as to which of the parties requested the adjournment. In his letter to the plaintiff's attorney, dated June 5, 1985, the defendant's attorney confirmed that June 12, 1985, was the adjourned date of closing and warned that the "seller will not permit any additional adjournments to the purchaser as I previously advised you". On June 12, 1985, neither the plaintiff nor his attorney appeared at the office of the defendant's attorney to close title. The defendant duly notified the plaintiff that he was in default under the contract, that he was canceling the contract, and that he would retain the plaintiff's down payment of $8,000 as liquidated damages.

By letter dated June 12, 1985, which was hand delivered to the defendant's attorney, the plaintiff requested an adjournment of the closing date until June 19, 1985. The letter stated further that the closing date of June 12, 1985 "was originally based (with the understanding of *both* parties) upon the expectation that [the plaintiff] could secure the necessary financing by that date", but that "[u]nfortunately, the financing arrangements have not been concluded". However, the plaintiff indicated that financing would be secured by June 19, 1985. The defendant refused to grant the adjournment and maintained that the plaintiff was in default and that he was retaining the plaintiff's down payment as liquidated damages.

The instant action was commenced on or about October 10, 1985. By order to show cause dated May 25, 1988, the plaintiff moved for summary judgment. The defendant opposed the motion and demanded summary judgment (1) dismissing the complaint and (2) sustaining his counterclaim for a judgment declaring that the plaintiff defaulted on the contract, and that the defendant was entitled to retain the $8,000 down payment as liquidated damages.

We agree with the defendant that the plaintiff defaulted on the contract and therefore reverse.

Where a contract for the sale of real property does not contain a specific declaration that time is of the essence, the law permits the parties a reasonable time in which to tender performance, regardless of whether the contract designates a specific date on which such performance is to be tendered *(see, Grace v Nappa,* 46 NY2d 560; *4200 Ave. K Realty Corp. v 4200 Realty Co.,* 123 AD2d 419). However, where time was not made of the essence in the original contract, one party may subsequently give notice making time of the essence *(see, Zev v Merman,* 134 AD2d 555; *76 N. Assocs. v Theil Mgt. Corp.,* 114 AD2d 948), and avail himself of forfeiture on default *(see, Schmidt v Reed,* 132 NY 108). The notice must be clear, distinct and unequivocal and must fix a reasonable time within which to perform *(see, Zev v Merman, supra; 76 N. Assocs. v Theil Mgt. Corp., supra).* It must inform the other party that if he does not perform by that date, he will be considered in default *(see, Tarlo v Robinson,* 118 AD2d 561; *Royce v Rymkevitch,* 29 AD2d 1029). It does not matter that the date is unilaterally set *(see, Zev v Merman, supra; Tarlo v Robinson, supra).* At bar, the letter of the defendant's attorney, dated May 22, 1985, stated clearly that the defendant was granting "a final adjournment of closing until June 6, 1985". It also warned that if the plaintiff failed to close title on that day, the defendant would have no alternative but to hold him in default. After granting another adjournment to June 12, 1985, the defendant warned that he would not permit any additional adjournments and would hold the plaintiff in default if he failed to close title on that day. Clearly, the plaintiff converted the contract into one in which time is of the essence and established June 12, 1985, as the time for closing. A party need not state specifically that time is of the essence, as long as the notice specifies a time on which to close and warns that failure to close on that date will result in default *(see, Zev v Merman, supra; Perillo v De Martini,* 54 AD2d 691). The defendant was not obliged to grant a further adjournment, and having properly held the plaintiff in default under the contract, he was entitled to retain the plaintiff's down payment of $8,000 as liquidated damages *(see, Schmidt v Reed,* 132 NY 108 *supra; Shannon v Simon,* 128 AD2d 859).

We reject the plaintiff's contention that the June 12, 1985, date granted him an unreasonable time within which to perform. What constitutes a reasonable time depends on the facts and circumstances of the particular case *(see, Ballen v Potter,* 251 NY 224; *Mazzaferro v Kings Park Butcher Shop,* 121 AD2d 434). Nowhere in the contract is it provided that its

performance is contingent upon the plaintiff's ability to obtain financing. Accordingly, regardless of whether or not the plaintiff obtained financing, the defendant was entitled to require the plaintiff to perform on the law day June 12, 1985, if he so chose (see, Zev v Merman, supra). Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.