■ EUGENE VOLYNETS, Appellant, v JEFFREY IZZO, Respondent.—In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Goldstein, J.), dated May 10, 1988, which, after a nonjury trial, *inter alia,* dismissed the complaint and granted the defendant's counterclaim to vacate the plaintiff's recording of the parties' contract of sale with the Clerk of Nassau County.

Ordered that the judgment is affirmed, with costs.

Eugene Volynets (hereinafter the buyer) commenced this action against Jeffrey Izzo (hereinafter the seller) seeking specific performance of a contract executed on February 3, 1986, concerning the sale of real property located in Glen Cove, New York. The contract provided, *inter alia,* that March 10, 1986, would be the closing date. Notably, the contract was not contingent on the buyer's ability to obtain financing. After several attempts to conclude the transaction, the seller, by letter dated April 17, 1986, unilaterally rescheduled the closing date for May 1, 1986, indicating that a deed would be tendered and that payment was expected on that date. The buyer sought an adjournment, claiming that while he had obtained financing from a lending institution, that institution could not close on May 1, 1986.

Contrary to the buyer's contention, under the circumstances of this case the seller's April 17, 1986, letter was sufficiently clear and unequivocal to have given him notice that time was of the essence *(see, Ben Zev v Merman,* 134 AD2d 555, *affd* 73 NY2d 781; *Sohayegh v Oberlander,* 155 AD2d 436).

Further, the Supreme Court properly found that the buyer was not ready, willing and able to perform on May 1, 1986. The buyer's attorney indicated by a letter, dated April 30, 1986, that his client would not be able to close on May 1st. Moreover, the buyer, who was in the real estate business, testified that while he could have performed on May 1st, he did not make the necessary arrangements to avoid a default. Thompson, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.