■ THOMAS P. MOHEN et al., Respondents, v DANIEL C. MOONEY et al., Appellants.—In an action, inter alia, for specific performance of a contract for the sale of real property, the defendants appeal (1) from an order of the Supreme Court, Nassau County (Brucia, J.), dated March 9, 1989, which granted the plaintiffs' motion for summary judgment directing the defendants to specifically perform the contract and denied the defendants' cross motion for partial summary judgment dismissing the plaintiffs' first cause of action for specific performance, and (2) as limited by their brief, from so much of an order of the same court, dated May 18, 1989, as upon renewal and reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 9, 1989, is dismissed, as that order was superseded by the order dated May 18, 1989, made upon reargument; and it is further,

Ordered that the order dated May 18, 1989, is reversed insofar as appealed from, on the law, the order dated March 9, 1989, is vacated, the plaintiffs' motion for summary judgment is denied, and the defendants' cross motion for partial summary judgment dismissing the plaintiffs' first cause of action for specific performance is granted; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for further proceedings concerning the plaintiffs' remaining causes of action; and it is further,

Ordered that the defendants are awarded one bill of costs.

On March 17, 1988, the plaintiff buyers entered into a contract with the defendant sellers for the sale of real property situated in Locust Valley, New York. The contract required the buyers to obtain a mortgage and a legal subdivision of the premises. It further provided that either party had the right to cancel the contract in the event the buyers failed to obtain a mortgage within 45 days of the contract date. By letter dated August 25, 1988, the buyers' attorney, confirming

a telephone conversation with the sellers' attorney, informed the sellers' attorney that "it may take several months to close" and that the buyers would pay rent of $1,500 per month on the premises beginning September 1, 1988. The buyers, experienced real estate investors, thereupon took possession of the subject premises on September 21, 1988, and made substantial improvements to the premises.

On October 5, 1988, the sellers advised the buyers that the closing would take place on October 12, 1988 and that time would be of the essence. When the buyers failed to appear at the closing, the sellers informed the buyers on October 19, 1988, that a new closing date was set for October 31, 1988, and again stated that time would be of the essence. The buyers objected to this closing date and insisted that the closing occur on November 9, 1988. When the parties failed to appear at each other's scheduled closings, the sellers declared the buyers in default. The buyers subsequently commenced this action, *inter alia,* for specific performance, and thereafter moved for summary judgment directing the sellers to perform under the terms of the contract of sale. The sellers responded by cross-moving for partial summary judgment dismissing the cause of action for specific performance. The Supreme Court granted the buyers' motion and denied the cross motion, and, upon renewal and reargument, adhered to original determination. We reverse.

"[W]here time was not made of the essence in the original contract" *(Zev v Merman,* 134 AD2d 555, 557, *affd* 73 NY2d 781) "one party may subsequently give notice to that effect" *(76 N. Assocs. v Theil Mgt. Corp.,* 114 AD2d 948, 949), "and avail himself of forfeiture on default" *(Schmidt v Reed,* 132 NY 108, 113). "The notice must be clear, distinct and unequivocal and must fix a reasonable time within which to perform" *(76 N. Assocs. v Theil Mgt. Corp., supra,* at 949). It " 'must inform the other party that if he does not perform by that date, he will be considered in default' " *(Tarlo v Robinson,* 118 AD2d 561, 566; *Royce v Rymkevitch,* 29 AD2d 1029, 1030). "Nor does it matter that the date is unilaterally set" *(Zev v Merman, supra,* at 557; *Tarlo v Robinson, supra; see also, Sohayegh v Oberlander,* 155 AD2d 436). Applying the foregoing principles, it is clear that the sellers effectively made time of the essence with respect to the closing date of October 12, 1988, and then again with respect to the closing date of October 31, 1988. The notice thereof was clear and unequivocal, and, under the facts and circumstances of this case, the time within which the buyers were to perform was reasonable

*(see, Zev v Merman,* 73 NY2d 781, *affg* 134 AD2d 555, *supra; see also, Zahl v Greenfield,* 162 AD2d 449). Accordingly, when the buyers failed to appear for the scheduled closing on October 31, 1988, they were in default, their motion for summary judgment on the cause of action for specific performance should have been denied, and the sellers' cross motion to dismiss that cause of action should have been granted.

We have considered the parties' remaining contentions and find them to be without merit. Brown, J. P., Kooper, Eiber and O'Brien, JJ., concur.