■ VICTOR CHARCHAN et al., Respondents, v ROBERT WILKINS et al., Appellants. [647 NYS2d 550] —In an action, *inter alia,* to recover a down payment on the sale of real property, the defendants appeal from (1) an order of the Supreme Court, Richmond County (Amann, J.), dated May 9, 1995, which granted the plaintiffs' motion for summary judgment and denied their cross motion for summary judgment, and (2) an order and judgment (one paper) of the same court, entered July 31, 1995, which, *inter alia,* is in favor of the plaintiffs and against them in the principal sum of $36,236.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the order and judgment is modified, on the law, by (1) deleting the sixth decretal paragraph thereof which awarded the plaintiffs the sum of $36,236, and substituting therefor a decretal paragraph awarding judgment in favor of the defendants dismissing the plaintiffs' second and fourth causes of action, and (2) adding a decretal paragraph providing that the purchasers' lien is in the amount of $32,522; as so modified, the order and judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39

NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

Where a contract for the sale of real property does not contain a specific declaration that time is of the essence, one party may unilaterally notify the other that time is of the essence provided that the notice is clear, distinct, unequivocal, fixes a reasonable time in which to perform, and informs the other party that a failure to perform will result in default (see, e.g., James v James, 205 AD2d 735; Mohen v Mooney, 162 AD2d 664; Sohayegh v Oberlander, 155 AD2d 436). Here, in a letter dated August 19, 1994, the purchasers stated that time was of the essence and the closing had to take place on August 31, 1994, a date that the sellers had fixed themselves over two months before. The purchasers' notice was unequivocal, fixed a reasonable time in which to perform, and informed the sellers of the consequences of their failure to appear. Therefore, time was properly made of the essence. Further, because the record is clear that the sellers were not in a position to close on the closing date, the purchasers were entitled to summary judgment on their first cause of action to recover damages for breach of contract, awarding them the return of their downpayment and their title inspection costs as provided in the contract.

However, summary judgment was improperly granted on the purchasers' causes of action to recover damages for rescission and fraud, pursuant to which, in addition to the recovery of the downpayment, the Supreme Court awarded the purchasers recovery of expenses incurred by them which were incidental to the contract. Because there was no evidence in the record that the sellers misrepresented that they could convey good title on the closing date, summary judgment dismissing those causes of action should have been granted. Furthermore, while the complaint sought to recover the incidental expenses pursuant to the purchaser's lien contained in the contract, according to the contract the purchasers were only entitled to a lien in the amount of the downpayment plus their reasonable title costs. Mangano, P. J., Miller, Ritter and Altman, JJ., concur.