■ INTERNATIONAL BAPTIST CHURCH, INC., et al., Appellants-Respondents, v JAMES J. FORTINI, Respondent-Appellant. [799 NYS2d 145]—

In a consolidated action, inter alia, for a judgment declaring the rights of the parties with respect to four contracts for the sale of real property, the plaintiffs appeal from so much of (1) a decision of the Supreme Court, Kings County (Rappaport, J.), dated November 25, 2003, as, after a nonjury trial, directed them to return a down payment in the sum of $50,000 to the defendant, and (2) a judgment of the same court (Schack, J.), dated August 4, 2004, as is in favor of the defendant and against them in the sum of $50,000, and the defendant cross-appeals, as limited by his notice of cross appeal and brief, from so much of (1) the decision as determined that he was not entitled to specific performance of the contracts for the sale of the subject property and (2) the judgment as dismissed his cause of action for specific performance of the contracts for the sale of the subject real property.

Ordered that the appeal and cross appeal from the decision are dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the defendant the sum of $50,000, and substituting therefor a provision declaring that the defendant is entitled to the return of his $50,000 down payment; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

While an appellate court's authority in reviewing a nonjury determination is as broad as that of the trial court, due deference is given to the trial court's determination. Such determination should not be disturbed on appeal unless it could not have been reached based upon any fair interpretation of the evidence (*see Chambers v McIntyre,* 5 AD3d 344 [2004]; *Mechwart v Mechwart,* 292 AD2d 354 [2002]).

The plaintiff International Baptist Church, Inc. (hereinafter IBC), and the defendant, James Fortini, entered into four separate but essentially identical contracts pursuant to which Fortini agreed to purchase four parcels of real property. Fortini made a down payment of $50,000. The contracts set a closing date, but did not make time of the essence. However, several months after the contractual closing date passed, IBC's attorneys sent a letter to Fortini's attorney declaring time of the essence and fixing a closing date five weeks later. Fortini acknowledged the "time of the essence" closing date in writing, and expressed an intention to close on or before that date. However, on the clos-

ing date, Fortini requested a two-week adjournment to complete the financing for the purchase. The parties appeared at the closing. IBC would not grant an adjournment and declared Fortini in default because he did not have the funds to purchase the properties.

Contrary to Fortini's contention, IBC provided a reasonable period of time for performance. Further, he did not object to the time fixed for the closing (see Mohen v Mooney, 162 AD2d 664 [1990]; Sohayegh v Oberlander, 155 AD2d 436, 438-439 [1989]; Zev v Merman, 134 AD2d 555, 557-558 [1987], affd 73 NY2d 781, 783 [1988]). Fortini did not have sufficient funds to complete the purchase on the law day. Consequently, the trial court's determination that he was not entitled to specific performance was supported by a fair interpretation of the evidence.

The evidence also supported the trial court's determination that Fortini was nevertheless entitled to the return of his down payment. Pursuant to the specific terms of the contracts, IBC could retain the down payment only if Fortini "willfully" failed to close. The evidence demonstrated that Fortini acted diligently and in good faith, but was unable to procure financing prior to the closing date.

We note that in this consolidated action, both parties sought a declaration regarding Fortini's right to the return of the down payment. Consequently, the trial court should have issued a declaration in favor of Fortini rather than awarding a money judgment (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]), and we modify the judgment accordingly. Cozier, J.P., S. Miller, Spolzino and Skelos, JJ., concur.