■ Veronica Smith, Respondent, v Matthew J. Lynch et al., Defendants. Frances Horowitz et al., Nonparty Appellants. [856 NYS2d 200]—

In an action for the partition of real property, Frances Horowitz and Stanley Edward Bogal appeal from an order of the Supreme Court, Nassau County (Martin, J.), dated June 1, 2007, which, inter alia, granted that branch of the plaintiff's motion

which was to authorize the closing of title on the subject property with a new purchaser.

Ordered that the appeal by Stanley Edward Bogal is dismissed, as he is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by Frances Horowitz; and it is further,

Ordered that the respondent is awarded one bill with costs.

The plaintiff and the defendant Matthew J. Lynch owned certain real property in East Rockaway, New York (hereinafter the property). On April 18, 2006 the property was sold for $350,000 at public sale to Stanley Edward Bogal, who placed a down payment in the sum of $40,000 with a court-appointed referee. On June 21, 2006 Bogal, an attorney, assigned to his client, Frances Horowitz, "all right, title and interest in and to [his] bid in the amount of $40,000" relating to the property. The referee's report of sale was ratified and confirmed in a judgment entered February 23, 2007. In this judgment, the court directed the referee "to execute and deliver to the purchaser, Frances Horowitz, a proper deed of conveyance." The closing of title was scheduled for March 26, 2007 at 10:00 A.M. By letter dated March 23, 2007, counsel for the plaintiff refused to consent to an adjournment and warned Bogal that "a default will occur, resulting in forfeiture" of the down payment upon failure to appear at the scheduled closing.

Neither Bogal nor Horowitz appeared on March 26, 2007 at the scheduled closing. In response to a letter by Bogal dated April 4, 2007, stating that "the purchaser" was now "ready, willing and able to close title," the referee advised Bogal that he and his "client" had been held in default for failing to appear at the closing and, consequently, the down payment of $40,000 had been forfeited. On May 31, 2007 the plaintiff moved, among other things, to authorize the closing of title on the property with a new purchaser. The Supreme Court, inter alia, granted that branch of the plaintiff's motion. We affirm.

Here, the letter of the plaintiff's counsel dated March 23, 2007, effectively made time of the essence by giving clear and unequivocal notice that the firm date for closing would be March 26, 2007 (see Hand v Field, 15 AD3d 542, 543 [2005]; Charchan v Wilkins, 231 AD2d 668, 669 [1996]; Zahl v Greenfield, 162 AD2d 449, 449-450 [1990]; Sohayegh v Oberlander, 155 AD2d 436, 438 [1989]). The failure to appear at the closing constituted a willful default (see Zahl v Greenfield, 162 AD2d at 450). Accordingly, upon this default, the court properly authorized the plaintiff to close title with a new purchaser.

To the extent that Horowitz contends that she is entitled to a refund of the down payment, that issue is not properly before this Court as it was not determined by the Supreme Court and, thus, remains pending and undecided (*see Katz v Katz*, 68 AD2d 536, 543 [1979]).

Inasmuch as Bogal assigned to Horowitz, "all right, title and interest in and to [his] bid in the amount of $40,000" relating to the property, he is not aggrieved by the order appealed from.

Horowitz's remaining contentions are without merit. Rivera, J.P., Miller, Dillon and Belen, JJ., concur.