■ BOWERY BOY REALTY, INC., Appellant, v H.S.N. REALTY CORP., Respondent. [869 NYS2d 551]—

In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated January 22, 2008, which granted the defendant's motion for summary judgment dismissing the complaint, for summary judgment on its second counterclaim to recover liquidated damages, and pursuant to CPLR 6514 (a) for cancellation of the notice of pendency on the subject real property.

Ordered that the order is affirmed, with costs, and the Kings County Clerk is directed to cancel the notice of pendency filed May 23, 2005, as extended by decision and order on motion of this Court dated June 27, 2008 [2008 NY Slip Op 76245(U)], against the premises known as 1020-1032 Atlantic Avenue, County of Kings, State of New York.

The plaintiff contracted with the defendant to purchase commercial premises which formerly had been used as an automobile service shop. The contract of sale, dated April 9, 2004, recited that the plaintiff had inspected the property, agreed to take it "as is," and had not relied upon any representations made by the defendant concerning the condition of the premises. The contract further provided that all prior understandings and agreements between the parties were merged into the contract, which completely expressed their full agreement and could not be changed except in writing. The closing was to be held on May 30, 2004 but the plaintiff had the right to cancel the contract if it could not obtain a mortgage commitment by May 1, 2004. The plaintiff also had the right to conduct environmental inspections at its sole expense and to terminate the contract within 50 days if the environmental condition of the premises did not meet the satisfaction of its lending institution.

The plaintiff failed to exercise its right to terminate the contract although it had not obtained a mortgage commitment or commenced the environmental testing within the applicable time limits. A bank issued the mortgage commitment on July 19, 2004 reserving to itself the right to terminate the commitment if it deemed the results of environmental studies unsatisfactory. On July 22, 2004 the defendant sent the plaintiff a letter making time of the essence and setting a closing date of August 25, 2004, but subsequently agreed to extend the time for closing and allowed the plaintiff access to the premises to conduct environmental studies while reserving, in writing, its rights under the contract. The environmental testing was completed on October 28, 2004 and a proposal for remediation was issued on November 9, 2004. The plaintiff's bank required completion of the remediation prior to closing, but the defendant would not allow the plaintiff access to the premises for that purpose. On January 18, 2005 the defendant's attorney sent a letter to the plaintiff's attorney making time of the essence and setting a closing date of February 23, 2005, and to assure that proper notice had been given under the contract, sent another letter directly to the plaintiff on February 8, 2005 making time of the essence and setting a new law day of March 11, 2005. The plaintiff failed to appear or tender payment on the ultimate law day.

The plaintiff contends that the defendant made representations during contract negotiations and throughout the environmental inspection process which indicated the defendant's agreement that the plaintiff would be allowed to conduct the environmental remediation prior to closing in order to satisfy

the conditions imposed by the plaintiff's bank. The terms of the contract, however, are unambiguous, and parol evidence is inadmissible to contradict, vary, add to, or subtract from its terms (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 163 [1990]; *Fabozzi v Coppa,* 5 AD3d 722, 723-724 [2004]; *Bedowitz v Farrell Dev. Co.,* 289 AD2d 432 [2001]).

The plaintiff further contends that a modification of the contract may be enforced because the parties' conduct was "unequivocally referable to the oral modification" (*Rose v Spa Realty Assoc.,* 42 NY2d 338, 343 [1977]). Contrary to this contention, the defendant's conduct was consistent with the written terms of the contract and was not unequivocally referable to the modification the plaintiff seeks to impose. Also without merit is the plaintiff's argument that the defendant should be estopped from enforcing the "as is" provision of the contract because it prevented access to the premises for the plaintiff to conduct the remediation. The defendant had no obligation under the contract to provide access to the premises for remediation, nor did the defendant induce the plaintiff's reliance upon an oral modification (*cf. Rose v Spa Realty Assoc.,* 42 NY2d at 344), or prevent the plaintiff from performing the contract according to its written terms (*cf. Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 185-186 [1982]).

The plaintiff further contends that the defendant improperly made time of the essence. Contrary to this contention, the defendant's third letter, sent to the plaintiff on February 8, 2005, informed it in clear, distinct, and unequivocal language that its failure to close on March 11, 2005, would constitute a material breach of the contract. This notice was sufficient to make time of the essence (*see Smith v Lynch,* 50 AD3d 881, 882 [2008]; *Hand v Field,* 15 AD3d 542, 543 [2005]; *Charchan v Wilkins,* 231 AD2d 668, 669 [1996]; *Sohayegh v Oberlander,* 155 AD2d 436, 438 [1989]), and under the circumstances, gave the plaintiff a reasonable time in which to perform its obligations under the contract (*see Guippone v Gaias,* 13 AD3d 339, 340 [2004]; *Lake Hills Swim Club v Samson Dev. Corp.,* 213 AD2d 701, 702 [1995]; *Mohen v Mooney,* 162 AD2d 664, 665 [1990]). Since the plaintiff did not have the necessary funds to consummate the sale on the law day, it was not ready, willing, and able to fulfill its contractual obligations and, therefore, it is not entitled to specific performance (*see ADC Orange, Inc. v Coyote Acres, Inc.,* 7 NY3d 484, 489-490 [2006]; *Zev v Merman,* 134 AD2d 555, 557 [1987], *affd* 73 NY2d 781 [1988]).

Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were for summary

judgment dismissing the complaint and for summary judgment on the second counterclaim to recover liquidated damages in the amount of the down payment under the terms of the contract (*see Lake Hills Swim Club v Samson Dev. Corp.*, 213 AD2d at 702; *Sohayegh v Oberlander*, 155 AD2d at 438). As a consequence, the notice of pendency must be cancelled (*see* CPLR 6514 [a]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Spolzino, Florio and Leventhal, JJ., concur.