Kok Chai Lee v Robertson (2024 NY Slip Op 05965)

Kok Chai Lee v Robertson

2024 NY Slip Op 05965

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2020-05972
 (Index No. 510341/16)

[*1]Kok Chai Lee, et al., respondents, 
v
Allison A. Robertson, et al., appellants.

Bruce S. Reznick, P.C. (Thomas Torto, New York, NY [Jason Levine], of counsel), for appellants.
Coffey Modica LLP, New York, NY (Paul Golden of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated July 22, 2020. The order, insofar as appealed from, in effect, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint and, in effect, granted those branches of the plaintiffs' cross-motion which were for summary judgment on the cause of action for specific performance and dismissing the defendants' fourth, fifth, sixth, eighth, ninth, and fifteenth affirmative defenses.
ORDERED that the order is modified, on the law, by deleting the provisions thereof, in effect, granting those branches of the plaintiffs' cross-motion which were for summary judgment on the cause of action for specific performance and dismissing the defendants' fourth, fifth, sixth, eighth, ninth, and fifteenth affirmative defenses, and substituting therefor provisions denying those branches of the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs, as buyers, and the defendants, as sellers, entered into a contract dated December 30, 2015, for the sale of certain real property located in Brooklyn. On May 10, 2016, the plaintiffs' attorney served a time-of-the-essence letter, by overnight mail, setting a law date of May 23, 2016. The plaintiffs, along with their lender, appeared on the law date, at the time and place noticed, with funds to close title. The defendants did not appear at the closing.
Thereafter, the plaintiffs commenced this action, inter alia, for specific performance of the contract. Subsequently, the plaintiffs moved for summary judgment on the complaint. The Supreme Court denied the motion. The plaintiffs appealed, and this Court affirmed, determining that under the circumstances, "the plaintiffs failed to establish, prima facie, that the time-of-the-essence letter provided the defendants with a reasonable time within which to close," and that "the plaintiffs failed to eliminate triable issues of fact as to whether the defendants objected to the plaintiffs' attempt to declare a law date" (Kok Chai Lee v Robertson, 165 AD3d 639, 640).
The defendants moved for summary judgment dismissing the complaint and to discharge a notice of pendency filed by the plaintiffs. The plaintiffs cross-moved, inter alia, for [*2]summary judgment on the complaint and dismissing the defendants' affirmative defenses. In an order dated July 22, 2020, the Supreme Court, among other things, in effect, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint and, in effect, granted those branches of the plaintiffs' cross-motion which were for summary judgment on the cause of action for specific performance and dismissing the defendants' fourth, fifth, sixth, eighth, ninth, and fifteenth affirmative defenses. The defendants appeal.
Contrary to the defendants' contention, the Supreme Court properly, in effect, denied that branch of their motion which was for summary judgment dismissing the complaint. As this Court determined in Kok Chai Lee v Robertson (165 AD3d 639), under the circumstances of this case, there are triable issues of fact as to whether the plaintiffs' time-of-the-essence letter provided the defendants with a reasonable time within which to close. Thus, the defendants failed to establish, prima facie, that the plaintiffs' time-of-the-essence letter did not provide them with a reasonable time within which to close (see generally Zev v Merman, 134 AD2d 555, 558; cf. 3M Holding Corp. v Wagner, 166 AD2d 580, 581).
However, the Supreme Court should have denied those branches of the plaintiffs' cross-motion which were for summary judgment on the cause of action for specific performance and dismissing the defendants' fourth, fifth, sixth, eighth, ninth, and fifteenth affirmative defenses, because the cross-motion constituted an improper successive motion for summary judgment, in support of which the plaintiffs made no showing of newly discovered evidence or other sufficient cause (see U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d 1205, 1206).
BRATHWAITE NELSON, J.P., CHRISTOPHER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court