■ DEONARINE RAMNARAIN, Appellant, v CHANDRADAT RAMNARAIN, Respondent, et al., Defendant. [816 NYS2d 188]—

In an action, inter alia, for the partition of real property, the

plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated September 20, 2004, as granted the cross motion of the defendant Chandradat Ramnarain to hold the plaintiff in default of the terms of a sale of the property and to direct that the property be resold.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion is denied.

The plaintiff and the defendant Chandradat Ramnarain (hereinafter the defendant) are brothers who own certain real property as tenants-in-common. The plaintiff commenced this action, inter alia, for partition of the property. After extensive litigation, the property was sold at auction. The plaintiff was the high bidder. The terms of the sale provided for a closing within 45 days. Approximately a month after the sale, and prior to the closing, the plaintiff moved for a determination as to the distribution of the proceeds from the sale. The defendant cross-moved to hold the plaintiff in default of the terms of the sale of the property and to direct that the property be resold. The Supreme Court granted the cross motion. We reverse.

When the terms of a sale of real property do not make time of the essence, and no party has otherwise made time of the essence by providing notice to that effect, the law permits a reasonable time in which to tender performance, regardless of whether the terms of the sale designate a specific date for performance (*see New Colony Homes, Inc. v Long Is. Prop. Group, LLC*, 21 AD3d 1072 [2005]; *International Baptist Church, Inc. v Fortini*, 20 AD3d 507 [2005]; *Jacobowitz v Leak*, 19 AD3d 453 [2005]; *Sohayegh v Oberlander*, 155 AD2d 436 [1989]). What constitutes a reasonable time to perform depends on the facts and circumstances of the particular case (*see Sohayegh v Oberlander, supra*). Here, the terms of the auction sale did not make time of the essence and no notice was provided to that effect (*see Lightle v Becker*, 18 AD3d 449 [2005]). Further, the plaintiff presented evidence that he was ready, willing, and able to close within a reasonable time after the auction. Thus, he should not have been held in default, but should have been permitted to close on the terms of the auction sale. Florio, J.P., Ritter, Krausman and Covello, JJ., concur.