■ Surendranath K. Reddy et al., Appellants, v Devineni V. Ratnam et al., Respondents. [943 NYS2d 623]—

In an action, inter alia, to recover damages for breach of

contract and breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated March 25, 2010, which denied their motion, among other things, to enlarge their time to comply with the terms of a stipulation of settlement dated June 8, 2009.

Ordered that the order is affirmed, with costs.

In January 2007, the plaintiffs, Surendranath K. Reddy, KSR & Co. (hereinafter KSR), and Triboro Medical P.C., commenced this action against the defendants Devineni V. Ratnam and Holly Incorporated, seeking, inter alia, to recover damages for breach of contract, breach of fiduciary duty, negligence, and conversion. The gravamen of the complaint was that the defendants had misappropriated funds from various partnerships and corporations, to the plaintiffs' detriment.

On June 8, 2009, all parties (as well as several nonparties) signed a settlement agreement, pursuant to which, among other things, Reddy agreed to pay Ratnam the sum of $1,500,000 in exchange for certain KSR assets. The settlement agreement, which did not contain a financing contingency, stated that the closing of the transactions contemplated therein would be held within 90 days of the date of the agreement. Reddy was not ready to close on September 8, 2009, the closing date mandated by the settlement agreement. The defendants refused to grant an extension, and deemed the plaintiffs to be in default. The plaintiffs then moved by order to show cause for, inter alia, an enlargement of time to perform, contending that time was never of the essence and that Ratnam had thwarted their efforts to obtain the financing necessary for closing by refusing to provide various documents pertaining to KSR. The Supreme Court denied the motion.

Contrary to the plaintiffs' contention, time was of the essence. Time is implied as essential "where the subject of the sale has a fluctuating value, or where the object of the contract is a commercial enterprise, or the delay in completion would involve one of the parties in a serious loss" (*Lusker v Tannen*, 90 AD2d 118, 124 [1982] [internal quotation marks omitted]). Here, although the plaintiffs attempt to characterize it as such, the agreement at issue is not a contract for the sale of real property. Rather, the object of the contract is a commercial enterprise. Accordingly, Reddy was not entitled to a grace period upon failing to close on September 8, 2009, pursuant to the terms of the settlement agreement (*cf. Ramnarain v Ramnarain*, 30 AD3d 394, 395 [2006]).

Moreover, the plaintiffs' contention that Ratnam frustrated Reddy's attempts to secure financing in a timely fashion does

not alter the determination that an enlargement of time is unwarranted. Even if Ratnam failed to provide certain documents requested of him, it is apparent from the record that the timely production of those documents would not have allowed the plaintiffs to close on September 8, 2009. A September 3, 2009, letter from the plaintiffs' prior counsel reveals that financing could not be secured due to various code violations on the property that Reddy sought to use as collateral for the loan, and the defendants had neither the obligation nor the ability to resolve those issues. Accordingly, regardless of any alleged recalcitrance on Ratnam's part, Reddy was not ready, willing, and able to fulfill his contractual obligations on the closing date (*see Pesa v Yoma Dev. Group, Inc.*, 18 NY3d 527 [2012]; *Gindi v Intertrade Internationale Ltd.*, 50 AD3d 575 [2008]).

In light of our determination, we need not address the parties' remaining contentions. Rivera, J.P., Hall, Austin and Roman, JJ., concur.