■ KIMSO APARTMENTS, LLC, Successor by Merger to KIMSO APARTMENTS, INC., et al., Plaintiffs/Counterclaim Defendants-Appellants-Respondents, v MAHESH GANDHI, Defendant/Counterclaim Plaintiff-Respondent-Appellant. ARLINGTON FILLER et al., Additional Counterclaim Defendants-Respondents. [15 NYS3d 341]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs/counterclaim defendants separately appeal, as limited by their respective briefs, from so much of a judgment of the Supreme Court, Richmond County (Fusco, J.), dated September 1, 2011, as, upon a decision and order (one paper) of the same court dated August 22, 2011, made after a nonjury trial, inter alia, granting the defendant/counterclaim plaintiff's application to conform the pleadings to the proof to include a counterclaim for payments allegedly due pursuant to a settlement agreement dated August 14, 2002, and for judgment on that counterclaim, is in favor of the defendant/counterclaim plaintiff and against them in the principal sum of $1,700,000 on that counterclaim and dismissed the complaint, and the defendant/counterclaim plaintiff cross-appeals, as limited by his brief, from so much of the same judgment as dismissed his counterclaim for costs and legal fees. By decision

and order dated March 13, 2013, this Court modified the judgment by deleting the second, third, fourth, and fifth decretal paragraphs thereof, and as so modified, affirmed the judgment insofar as appealed and cross-appealed from, denied the application to conform the pleadings to the proof to include a counterclaim for payments allegedly due pursuant to a settlement agreement dated August 14, 2002, and for judgment on that counterclaim, and modified the decision and order dated August 22, 2011, accordingly (*see Kimso Apts., LLC v Gandhi*, 104 AD3d 742 [2013]). In an opinion dated November 25, 2014, the Court of Appeals reversed the decision and order of this Court and remitted the matter to this Court for consideration of the issues raised but not determined on the appeal to this Court (*see Kimso Apts., LLC v Gandhi*, 24 NY3d 403, 414 [2014]).

Ordered that, upon remittitur from the Court of Appeals, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On August 14, 2002, the plaintiffs/counterclaim defendants (hereinafter the plaintiff corporations) and the additional counterclaim defendants entered into a settlement agreement with the defendant/counterclaim plaintiff (hereinafter the defendant), settling several lawsuits. In the settlement agreement the plaintiff corporations agreed to make certain installment payments to the defendant. The plaintiff corporations later commenced this action, claiming that the defendant owed them money pursuant to several promissory notes for loans made to him prior to the settlement agreement, and arguing that they had the right to use the defendant's obligations under the promissary notes to offset their obligation to make installment payments to him pursuant to the settlement agreement. The defendant responded by asserting that his obligations under the promissory notes had been extinguished by the settlement agreement.

At the conclusion of a nonjury trial, the trial court granted the defendant's application to conform the pleadings to the proof to include a counterclaim alleging that the plaintiff corporations breached the settlement agreement by failing to make the installment payments owed him pursuant to that agreement. It then entered judgment in favor of the defendant on the counterclaim. On appeal, we reversed the judgment on the defendant's counterclaim, having concluded that the trial court should have denied the defendant's application as barred by the doctrine of laches based on his extensive delay in seeking leave to amend (*see Kimso Apts., LLC v Gandhi*, 104 AD3d

742, 743-744 [2013]). We further concluded that "[t]he belated amendment" prejudiced the plaintiff corporations by denying them the opportunity to present their defenses to the counterclaim (*id.* at 744). In its opinion dated November 25, 2014, the Court of Appeals reversed, holding that the application was correctly granted, and remitted this action to us for consideration of the issues raised but not determined on the appeal to this Court (*see Kimso Apts., LLC v Gandhi*, 24 NY3d 403, 414 [2014]). Those issues include whether the subject counterclaim was barred by the applicable statute of limitations, and if not, whether the trial court correctly awarded judgment in the defendant's favor on the subject counterclaim on the merits.

The subject counterclaim sounds in breach of contract, i.e., the settlement agreement, and therefore, is subject to a six-year statute of limitations (*see* CPLR 213 [2]). Contrary to the plaintiff corporations' contention, under the circumstances of this case, we find that the counterclaim was timely asserted (*see* CPLR 203 [d]).

In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Novair Mech. Corp. v Universal Mgt. & Contr. Corp.*, 81 AD3d 909, 909-910 [2011]; *Baygold Assoc., Inc. v Congregation Yetev Lev of Monsey, Inc.*, 81 AD3d 763, 764 [2011], *affd* 19 NY3d 223 [2012]). Upon the exercise of that power, we find that the trial court's determination awarding judgment in the defendant's favor on the subject counterclaim was warranted by the facts, where, among other things, the plaintiff corporations admitted that they failed to make the installment payments pursuant to the settlement agreement, and the trial evidence established as much.

The parties' remaining contentions are without merit. Dillon, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.