■ 55 ECKFORD REALTY, LLC, et al., Appellants, v INDUSTRIAL AND COMMERCIAL BANK OF CHINA (USA) N.A., Formerly Known as BANK OF EAST ASIA (U.S.A.), N.A., Respondent. [29 NYS3d 385]—

In an action for specific performance of a contract or, in the alternative, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Demarest, J.), dated January 17, 2014, as, upon a decision of the same court dated April 5, 2013, made after a nonjury trial, in effect, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In August 2008, the defendant bank (hereinafter the bank) issued a loan commitment letter to Aaron Gertz, Judah Septimus, and a new entity to be formed called 55 Eckford Realty, LLC (hereinafter collectively the plaintiffs), which was ultimately executed in September 2008. The loan, in the sum of $9,975,000, would finance the acquisition of property at 55 Eckford Street in Brooklyn and the remaining construction at that location of a 16-story mixed use condominium building consisting of 26 residential units, three floors of community space, and 18 outdoor parking spaces. The commitment letter stated that the offer would expire if the loan did not close prior to October 24, 2008, and further included a number of items that the plaintiffs were required to provide to the bank in order for the bank to complete due diligence and obtain an appraisal report to ascertain the value of the project. Under the terms of the commitment letter, the plaintiffs were required to submit "the estimated periods of time for construction of the project

and the improvement detailing the hard costs and soft costs (including submission of plans and specification and a project schedule)." The plaintiffs had expressed their intention to use the community facility space as a day care center as part of their original application package that was submitted prior to the issuance of the commitment letter.

On or about October 8, 2008, the plaintiffs informed the bank's appraiser that the community facility space, which up to that point had been designed as empty rooms, was going to be built as a day care center. The appraiser informed the bank that there were no building plans for the space and, in order to complete the appraisal, he would need to make the "extraordinary assumption" that the plaintiffs would obtain the proper licensing for the day care center from the Department of Health. The bank instructed the appraiser to hold off on the appraisal until he had received the architectural plans.

Thereafter, there were several communications among the plaintiffs, the bank, the appraiser, and the bank's construction engineer regarding the bank's need for architectural plans for the day care center so as to produce an accurate valuation of the project. However, by October 24, 2008, the plaintiffs had not obtained any revised plans or provided any further details. During the following week, the plaintiffs exchanged several emails with the bank's construction engineer and provided the original certified plans for the building but no modifications for the day care center. The plaintiffs also stated that they would obtain an informal review of the day care center plans from the Department of Health. On November 4, 2008, the bank terminated its loan commitment, informing the plaintiffs by letter that, due to the "regulatory and approval issues" concerning the use of the community facility portion of the building as a day care center, the required due diligence was unable to be completed prior to the latest closing date. Approximately two weeks later, the plaintiffs commenced this action against the bank for specific performance to close on the loan or, in the alternative, for an award of damages for breach of contract. The bank moved for summary judgment dismissing the complaint and the Supreme Court denied the motion, finding that there were triable issues of fact regarding the terms of the commitment letter and the parties' compliance with those terms.

Following a nonjury trial on the issue of liability, the Supreme Court found that the terms of the loan commitment letter implicitly indicated that time was of the essence and, therefore, the bank was entitled to terminate the offer after

the stated closing date of October 24, 2008, had passed. The court also found that the bank did not act in bad faith by requesting that the plaintiffs provide architectural plans for the day care center since the commitment letter required that such documentation be provided and the plans were necessary for a proper appraisal under the Uniform Standards of Professional Appraisal Practice.

"In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses" (*Kimso Apts., LLC v Gandhi*, 129 AD3d 670, 672 [2015]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Upon the exercise of that power, we find that the Supreme Court's determination awarding judgment to the defendant dismissing the complaint was warranted by the facts. Contrary to the plaintiffs' contentions, the bank was entitled to terminate the commitment after October 24, 2008 (*see Reddy v Ratnam*, 95 AD3d 982, 983 [2012]; *Lusker v Tannen*, 90 AD2d 118, 124 [1982]). Moreover, the bank did not act in bad faith by delaying the appraisal due to the plaintiffs' failure to produce any architectural plans for the proposed day care center.

The plaintiffs' remaining contentions are without merit. Dillon, J.P., Chambers, Dickerson and Barros, JJ., concur.