Okoye v deVere Group Ltd. (2019 NY Slip Op 01132)





Okoye v deVere Group Ltd.


2019 NY Slip Op 01132


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Moulton, JJ.


8379 656270/16

[*1]Philippa Okoye formerly known as Philippa Jayne Burke, Plaintiff-Appellant,
v
deVere Group Ltd., Defendant, deVere USA, Inc. et al., Defendants-Respondents.


Katz Melinger, PLLC, New York (Kenneth J. Katz and Nicole Grunfeld of counsel), for appellant.
Finestein & Malloy, L.L.C., New York Russell M. Finestein of counsel and Michael D. Malloy, of the bar of the State of New Jersey, admitted pro hac vice, of counsel), for deVere USA, Inc., respondent.
Law Office of Alexander Sakin, LLC, New York (Alexander Sakin of counsel), for Benjamin Alderson, respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered on or about November 20, 2017, which, to the extent appealed from, granted defendants deVere USA, Inc. and Benjamin Alderson's motion to dismiss the complaint and denied plaintiff's motion for summary judgment, unanimously modified, on the law, to deny defendants' motion as to the cause of action for breach of contract, grant plaintiff's motion for summary judgment on that cause of action, and remand the matter for a determination of plaintiff's reasonable attorneys' fees, and otherwise affirmed, without costs.
Defendants admit that they did not successfully tender the payment they owed plaintiff until at least 51 days after the deadline to which they had agreed in the parties' settlement agreement. This admitted failure to make timely payment under a settlement agreement fulfills the elements of a cause of action for breach of contract (see Kimso Apts., LLC v Gandhi, 129 AD3d 670, 672 [2d Dept 2015], lv denied 26 NY3d 916 [2016]; see also Mill Rock Plaza Assoc. v Lively, 224 AD2d 301, 301 [1st Dept 1996]).
Plaintiff having prevailed on her central claim that defendants breached the settlement agreement, she is entitled to reasonable attorneys' fees under the terms of the agreement (Sykes v RFD Third Ave. I Assoc., LLC, 39 AD3d 279 [1st Dept 2007]). That she prevailed on only one cause of action does not
change the result (see Duane Reade v 405 Lexington, L.L.C., 19 AD3d 179, 180 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK