OREGON MOUNTAIN, INC., Appellant, v MITCHELL O. SOULES, JR., et al., Respondents. (Appeal No. 2.) [775 NYS2d 691]—

Appeal from a judgment of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered June 26, 2003. The judgment was entered upon an order dismissing the complaint and granted defendants costs and disbursements.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking specific performance of a real estate contract for the purchase of land owned by defendants. Supreme Court properly granted defendants' cross motion for summary judgment dismissing the complaint. Defendants' letter of August 4, 2000 declared time of the essence and gave a law day of August 11, 2000. When the law day passed without plaintiff having tendered the remainder of the purchase price, defendants were entitled to terminate the contract (*see Zev v Merman,* 134 AD2d 555, 557 [1987], *affd* 73 NY2d 781 [1988]). Defendants met their burden of establishing that plaintiff was not ready, willing, and able to perform its obligations under the contract on the law day and plaintiff failed to raise an issue of fact (*see EC, L.L.C. v Eaglecrest Manufactured Home Park* [appeal No. 2], 275 AD2d 898, 899 [2000], *lv denied* 96 NY2d 709 [2001]; *Zev,* 134 AD2d at 557). Contrary to the contention of plaintiff, seven days was a reasonable time for its performance under the contract under the circumstances of this case (*see Zev,* 73 NY2d at 783). Plaintiff further contends that the deed tendered by defendants for the purpose of closing on the law day omitted three acres. That contention is without merit because, as plaintiff's former attorney conceded in an affi-

davit submitted at the request of plaintiff's current attorney, the description in the tendered deed "was of the whole property; there was no exception for 3 acres, 5 acres, or any exception for leased property." Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.