WT Stanley Holdings Corp. v Piazza Carpet, LLC (2025 NY Slip Op 03401)

WT Stanley Holdings Corp. v Piazza Carpet, LLC

2025 NY Slip Op 03401

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., SMITH, OGDEN, NOWAK, AND HANNAH, JJ.

85 CA 23-01182

[*1]WT STANLEY HOLDINGS CORPORATION, PLAINTIFF-APPELLANT,
v
PIAZZA CARPET, LLC, DEFENDANT-RESPONDENT. 

ARTHUR N. BAILEY & ASSOCIATES, JAMESTOWN (KYLE C. DIDONE OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
WRIGHT CALIMERI, PLLC, JAMESTOWN (JOSEPH M. CALIMERI OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from a judgment (denominated order) of the Supreme Court, Chautauqua County (Grace Marie Hanlon, J.), entered June 28, 2023. The judgment granted defendant's motion to dismiss the second cause of action and for a declaration. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, the second cause of action is reinstated and the declaration is vacated.
Memorandum: Plaintiff commenced this action seeking, inter alia, specific performance of an option to purchase real property pursuant to the parties' lease agreement, and declaratory relief. Defendant filed a pre-answer motion seeking to dismiss the specific performance cause of action based on documentary evidence pursuant to CPLR 3211 (a) (1) and, in effect, judgment in its favor pursuant to CPLR 3211 (a) (7) with respect to the declaratory judgment cause of action. Plaintiff now appeals from a judgment granting defendant's motion and declaring that plaintiff's rights concerning the real property are limited to those as a tenant only. We reverse.
Initially, we agree with plaintiff that Supreme Court erred to the extent that it determined that the second cause of action, for specific performance, should be dismissed pursuant to CPLR 3211 (a) (1). On a motion to dismiss pursuant to CPLR 3211, the court must "liberally construe the complaint . . . , and accept as true the facts alleged in the complaint and any submissions in opposition to the dismissal motion . . . [The court must] also accord plaintiff[ ] the benefit of every possible inference . . . Dismissal under CPLR 3211 (a) (1) is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002] [internal quotation marks omitted]). Here, defendant asserted on its motion that it had notified plaintiff that time was of the essence and that, inasmuch as plaintiff failed to timely respond to such notice, it lawfully terminated plaintiff's option to purchase (see generally Zev v Merman, 134 AD2d 555, 557 [2d Dept 1987], affd 73 NY2d 781 [1988]; Oregon Mtn. v Soules, 6 AD3d 1193, 1193 [4th Dept 2004]). However, even assuming, arguendo, that defendant's submissions established that defendant properly notified plaintiff that time was of the essence (see generally Oregon Mtn., 6 AD3d at 1193), we conclude that the documentary evidence failed to "utterly refute[ ]" plaintiff's allegations that, inter alia, it was ready, willing, and able to close on the purchase of the premises, and thus did not "conclusively establish[ ] a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see generally Ornstein Leyton Realty, LLC v Central Islip Assoc., LLC, 165 AD3d 683, 685 [2d Dept 2018]; Liberty Affordable Hous., Inc. v Maple Ct. Apts., 125 AD3d 85, 92 [4th Dept 2015]).
We likewise conclude that the declaratory relief requested by defendant should have been denied. On a motion pursuant to CPLR 3211 (a) (7), a court may, where "no questions of fact are presented, . . . reach the merits of a properly pleaded cause of action for a declaratory judgment" [*2]and, where appropriate, make a "declaration in the defendant's favor" (Plaza Dr. Group of CNY, LLC v Town of Sennett, 115 AD3d 1165, 1166 [4th Dept 2014] [internal quotation marks omitted]; see Matter of Kerri W.S. v Zucker, 202 AD3d 143, 153 [4th Dept 2021]). However, where, as here, "factual issues preclude a summary determination of the parties' rights," no declaration should be made, and the case should "continue[ ] on its ordinary course" (Kerri W.S., 202 AD3d at 154-155).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court